# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, <br><br>　　　Plaintiff, <br><br>　　v. <br><br>**AXIS HOME PCA AGENCY, INC.**, a Minnesota corporation, and **CUBTAN NUR**, an individual, <br>　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants **Axis Home PCA Agency, Inc.** ("Axis") and **Cubtan Nur** (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from May 16, 2019 through May 15, 2021 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of

1

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3. Defendant Axis is a corporation within this Court's jurisdiction with an office at 3801 Chicago Avenue, Minneapolis, Minnesota where it conducts business.

4. Axis administers home health care services through home care workers who provide companionship and care services to seniors and disabled individuals.

5. Defendant Cubtan Nur has actively managed and supervised Axis' operations and its employees during the Investigation Period. Among other things, Axis has hired employees, set their work schedules, and set their pay rates.

6. Cubtan Nur has acted directly or indirectly in Axis' interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Hennepin County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8. Axis is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

---

pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

9. Axis is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A); 29 U.S.C. § 202(a).

### FLSA Violations

10. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Specifically, in most instances, Defendants paid home care workers at their regular rate rather than at one-and-one-half times the regular rate for hours worked in excess of 40 hours a week.

12. Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

13. Specifically, Defendants failed to keep accurate records regarding payments issued to employees.

### Remedies Sought

14. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

15. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

**Prayer for Relief**

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A.  Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B.  Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.  If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.  Providing such other relief as may be necessary and appropriate.

E.  Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

  /s/ Julia Napier

JULIA M. NAPIER
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-5759
Napier.Julia.M@dol.gov
6319395

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*